UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE ADELPHIA COMMUNICATIONS CORP., :    11 Misc. 313 (RMB)
et al.,                                                      :
                                Debtors.   :  **OPINION & ORDER**
------------------------------------------------------------X
ADELPHIA RECOVERY TRUST,                 :
                                                   :
                           Plaintiff,   :
      -against-                                :
                                                   :
FPL GROUP, INC., et al.,                         :
                                                   :
                       Defendants.   :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/2012

      Having reviewed the record herein, including **(i)** the Decision and Order, dated July 13, 2011, of United States Bankruptcy Judge Robert E. Gerber denying FPL Group, Inc. and West Boca Security, Inc.'s (collectively, "Defendants") motion, filed January 20, 2011, seeking leave to amend their answer to assert a "safe harbor" defense under 11 U.S.C. § 546(e) because, among other reasons, Defendants filed their motion over four years after the deadline to file amended pleadings and Defendants' predecessor counsel had previously "made an affirmative decision not to include the Safe Harbor Defense," In re Adelphia Communications Corp., 452 B.R. 484, 492 (Bankr. S.D.N.Y. 2011); **(ii)** Defendant's motion, dated July 27, 2011, seeking leave to file an interlocutory appeal pursuant to 28 U.S.C. § 158(a) and Rule 8003 of the Federal Rules of Bankruptcy Procedure and arguing, among other things, that (1) "there are substantial grounds for a difference of opinion" as to whether Judge Gerber's July 13, 2011 decision was correct; and (2) "an interlocutory appeal would materially advance the ultimate termination of the litigation"; **(iii)** Adelphia Recovery Trust's ("Plaintiff" or "Trust") opposition, dated August 10, 2011, arguing, among other things, that (1) "[t]here is no difference of opinion as to the right of a court to exercise its discretion to deny leave to amend pleadings if insufficient good cause is shown";

and (2) "[g]ranting leave to appeal will delay termination of the matter rather than expedite it"; **(iv)** Plaintiff's letter, dated September 13, 2012, arguing that Defendants' motion for leave to appeal is "moot" because Judge Gerber "held a trial on the merits from April 30 through May 3, 2012," and the action "is now sub judice before Judge Gerber"; **(v)** Defendants' letter, dated September 14, 2012, arguing that "[t]he recently completed trial . . . does nothing to obviate the need to decide the question before this Court"; and **(vi)** applicable legal authorities, **the Court hereby denies Defendants' motion for leave to appeal, as follows:**

  1)  As noted, Plaintiff argues that Defendants' motion has become "moot" because a trial has occurred in the Bankruptcy Court and the case is awaiting decision, and "[t]he issue that Defendants sought to appeal pre-trial is preserved for review from a [final] judgment." (Ltr. to Hon. Richard M. Berman from Michael C. Harwood, dated Sept. 13, 2012, at 1–2.) Defendants argue that their motion is not moot because, among other reasons, the issue for which they seek appeal is potentially "dispositive" and may "obviat[e] the need for a [decision] on the trial." (Ltr. to Hon. Richard M. Berman from Jonathan L. Frank, dated Sept. 14, 2012, at 1–2.)

  While the Court is inclined to find that Defendants' motion is not moot because they may have "a concrete interest, however small, in the outcome," Knox v. Serv. Employees Int'l Union, Local 1000, 132 S. Ct. 2277, 2287 (2012), the Court nevertheless denies Defendants' motion for the reasons set forth below.

  2)  The (three) factors set forth in 28 U.S.C. § 1292(b) weigh against "departing from the basic policy of postponing appellate review until after the entry of a final judgment." Picard v. Estate of Madoff, 464 B.R. 578, 582 (S.D.N.Y. 2011). First, Defendants' appeal does not involve a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Id. (internal quotation marks omitted). Judge Gerber's July

13, 2011 decision involved mixed questions of fact and law relating to Defendants' conduct. See Santiago v. Pinello, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009).

Second, there is no "substantial ground for a difference of opinion." Picard, 464 B.R. at 582. Judge Gerber found that Defendants' motion for leave to amend was "grossly untimely" because it was filed over four years late, and after Defendants' predecessor counsel had affirmatively decided not to assert the safe harbor defense. In re Adelphia, 452 B.R. at 486 ("[T]he Court finds that [Defendants] failed to act with any reasonable diligence, and cannot be regarded as having shown 'good cause' for its failure to raise the defense sooner."). Those facts do not present an issue over which there is "conflicting authority," or one that is "particularly difficult and of first impression." Picard, 464 B.R. at 582.

Third, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." Id. Judge Gerber has already conducted a four-day bench trial, and a decision on the merits is pending. Defendants have not shown "exceptional circumstances that overcome the general aversion to piecemeal litigation." Picard, 464 B.R. at 582 (internal quotation marks and alterations omitted).

**Conclusion**

For the foregoing reasons, Defendants' motion for leave to appeal [#2] is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       September 18, 2012

*RMB*
_____
RICHARD M. BERMAN, U.S.D.J.